[No. 24620.   Department One.   December 19, 1933.]

IRENE OSTERHOUT, *Respondent*, v. ARTHUR L. MYERS, *as Administrator, Appellant.*[1]

*H. E. T. Herman* and *Nuzum & Nuzum,* for appellant.

*John E. Blair* and *E. Ben Johnson,* for respondent.

MITCHELL, J.—Mrs. Irene Osterhout and Mrs. Mary O. Moore, now deceased, were sisters. After the appointment of an administrator of Mrs. Moore's estate, Mrs. Osterhout presented a duly verified claim against the estate for services performed in nursing and taking care of Mrs. Moore for a while shortly before and again during her last sickness. The claim was rejected. An action on the rejected claim, tried without a jury, resulted in findings of fact, conclusions of law and judgment for the plaintiff. The defendant has appealed.

The only contention on the appeal is that the evidence does not justify the findings and judgment.

There was substantial evidence on behalf of the respondent to the effect that Mrs. Moore and her former husband Francis M. Moore had been divorced,

[1]Reported in 27 P. (2d) 1074.

but were on friendly terms afterwards. She was advanced in years and sick at the hospital. Mrs. Osterhout and Mr. Moore visited her while at the hospital, whereupon arrangements were made for the services for which this suit was brought. Mr. Moore testified that Mrs. Moore wanted to leave the hospital, and that they were talking about it, and he further testified, as follows:

"A. Yes. Well, so Mary, she says, 'Well, Heine,' —that is what she always called me—She says, 'Heine, will you take me to my sister's tomorrow?' She says, 'I just as soon pay her as anybody else because I would have to have someone with me all the time.' I said, 'All right, Mary, I will take you down,' and I did."

There was abundant evidence that thereafter respondent did take care of Mrs. Moore at the former's home for some weeks, and later, upon Mrs. Moore's returning to her own apartment, she was taken worse, and was again cared for by the respondent until Mrs. Moore was taken to the hospital, where she died within a few days.

The appellant, administrator of the estate, is a son and heir-at-law of the decedent. He testified that, during the sickness of his mother, Mrs. Osterhout, at a given time and place, while they were discussing Mrs. Moore's property and the amount of money she had been spending and her manner of spending it, told him that "she [Mrs. Osterhout] would never want any of it, she was taking care of her [Mrs. Moore] of her own free will."

Respondent, however, upon being called in rebuttal, categorically denied the testimony of the appellant, concluding her testimony in that respect with a state-that the subject was never discussed in any way between Mr. Myers and herself.

618

As we see it, upon an examination of the whole record, the findings and judgment are sustained by a preponderance of the evidence.

Affirmed.

BEALS, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.